# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**HARVEY RAYMOND ORTBERG,**

    **Plaintiff,**

    **v.**                                          **CASE NO. 19-3219-SAC**

**DAVID GROVES, et. al,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed *in forma pauperis*. (Doc. 5.) Plaintiff is housed at the Cherokee County Jail in Columbus, Kansas ("CCJ"). On February 5, 2020, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 8) ("MOSC"), granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC, or to file a proper amended complaint to cure the deficiencies. This matter is before the Court on Plaintiff's Amended Complaint (Doc. 9). Plaintiff has also filed a "Motion to Dismiss with Prejudice Case No. 2017-CR-000251" (Doc. 11), and a request for an extension of time to file the motion (Doc. 10). Plaintiff asks the Court to dismiss his state criminal case based on his medical claims in this civil rights action.

Plaintiff alleges a lack of proper medical care while housed at CCJ. Plaintiff alleges in his Amended Complaint that on April 13, 2019, Nurse Kate Hite recommended that he be placed in medical segregation for treatment for scabies based on a rash on Plaintiff's arm. Plaintiff alleges that on April 27, Nurse Kristin Wagner of Advanced Healthcare and CO Montage of the CCJ released Plaintiff with no diagnosis or further treatment, even though Plaintiff stated that he

1

still had a spot on his head. Plaintiff alleges that the condition came back worse, he has had failed treatments, no diagnosis, and has been denied medical.

Plaintiff alleges that he emailed Sheriff Groves on August 15, asking to speak with him because he was denied a doctor. Plaintiff alleges that on August 22, 2019, after failed treatments made Plaintiff question the nurse's abilities, Captain Tippie told Plaintiff in response to his grievance that he could not see a doctor and Nurse Wagner was the only medical staff available. Plaintiff alleges that he emailed Sheriff Groves about his condition on September 15, 2019, and Plaintiff's attorney asked the Sheriff if Plaintiff could see a dermatologist. On October 25, 2019, Plaintiff received a copy of a letter sent to the Sheriff stating that Plaintiff's attorney saw Plaintiff in court and that he looked bad and possibly contagious, and asking if Plaintiff could see a dermatologist. On November 12, 2019, Plaintiff was seen by Nurse Wagner and CO Miller and was told that Nurse Wagner did not know what to do, and Plaintiff could not be seen by a doctor because of his charges.

In December 2019, Scott Burns came to visit Plaintiff and said he would talk to the Sheriff. Later Burns told Plaintiff that the Sheriff said he thought the situation had been handled. On February 13, 2020, Plaintiff was taken to Johnson County Dermatology and a biopsy was taken.

Plaintiff names as defendants: Sheriff David Groves; Advanced Correctional Healthcare; and the Cherokee County Jail. Plaintiff alleges that Sheriff Groves was responsible due to inaction after being informed of the situation, and Advanced Correctional Healthcare is at fault "by neglect." Plaintiff also alleges that the CCJ neglected his needs. Plaintiff seeks dismissal of his criminal charges, and monetary damages from Advanced Correctional Healthcare.

In the MOSC, the Court found that Plaintiff's medical claims do not show a complete lack of medical care, but rather show Plaintiff's disagreement regarding the proper course of treatment or

medication. A mere difference of opinion between the inmate and prison medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 106–07 (1976); *see also Coppinger v. Townsend*, 398 F.2d 392, 394 (10th Cir. 1968) (prisoner's right is to medical care—not to type or scope of medical care he desires and difference of opinion between a physician and a patient does not give rise to a constitutional right or sustain a claim under § 1983). The Court also found that Plaintiff failed to show that any defendant was deliberately indifferent to his medical needs. Plaintiff failed to show that any defendant disregarded an excessive risk to his health or safety or that they were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference.

Delay in providing medical care does not violate the Eighth Amendment, unless there has been deliberate indifference resulting in substantial harm. *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993). In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (citation omitted). "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)). Plaintiff has not alleged lifelong handicap, permanent loss, or considerable pain. Plaintiff's allegations reflect his frustration with the delay in receiving a diagnosis for his skin condition. Plaintiff has failed to show that Defendants disregarded an excessive risk to his health or safety or that they were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference.

Plaintiff has failed to cure the deficiencies set forth in the MOSC and his claims suggest at most negligence. Plaintiff's negligence claim is subject to dismissal for failure to adequately allege a federal constitutional violation. Violations of state law are not sufficient grounds for relief in federal court under 42 U.S.C. § 1983. In a § 1983 action, the complaint must specify "the violation of a right secured by the Constitution and laws of the United States, and . . . that the alleged deprivation was committed by a person acting under color of state law." *Bruner v. Baker*, 506 F.3d 1021, 1025–26 (10th Cir. 2007). "[A] violation of state law alone does not give rise to a federal cause of action under § 1983." *Malek v. Haun*, 26 F.3d 1013, 1016 (10th Cir. 1994) (citation omitted); *see also Jones v. Salt Lake Cty.*, 503 F.3d 1147, 1162 (10th Cir. 2007) (citing *Jojola v. Chavez*, 55 F.3d 488, 490 (10th Cir. 1995) ("Liability under § 1983 must be predicated upon a *deliberate* deprivation of constitutional rights by the defendant, and not on negligence.") (quotations omitted); *Woodward v. City of Worland*, 977 F.2d 1392, 1399 (10th Cir. 1992) ("The Supreme Court has made it clear that liability under § 1983 must be predicated upon a *deliberate* deprivation of constitutional rights by the defendant. It cannot be predicated upon negligence.") (quotations and citations omitted).

The Court also found in the MOSC that Plaintiff fails to allege how the Sheriff personally participated in the deprivation of his constitutional rights, and appears to rely on the supervisory status of the Sheriff. An essential element of a civil rights claim against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006); *Foote v. Spiegel*, 118 F.3d 1416, 1423–24 (10th Cir. 1997). Conclusory allegations of involvement are not sufficient. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009)

("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). As a result, a plaintiff is required to name each defendant not only in the caption of the complaint, but again in the body of the complaint and to include in the body a description of the acts taken by each defendant that violated plaintiff's federal constitutional rights.

Mere supervisory status is insufficient to create personal liability. *Duffield v. Jackson*, 545 F.3d 1234, 1239 (10th Cir. 2008) (supervisor status is not sufficient to create § 1983 liability). An official's liability may not be predicated solely upon a theory of respondeat superior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Gagan v. Norton*, 35 F.3d 1473, 1476 FN4 (10th Cir. 1994), *cert. denied*, 513 U.S. 1183 (1995). A plaintiff alleging supervisory liability must show "(1) the defendant promulgated, created, implemented or possessed responsibility for the continued operation of a policy that (2) caused the complained of constitutional harm, and (3) acted with the state of mind required to establish the alleged constitutional deprivation." *Dodds v. Richardson*, 614 F.3d 1185, 1199 (10th Cir. 2010), *cert. denied*, 563 U.S. 960 (2011). "[T]he factors necessary to establish a [supervisor's] § 1983 violation depend upon the constitutional provision at issue, including the state of mind required to establish a violation of that provision." *Id*. at 1204 (citing *Iqbal*, 129 S. Ct. at 1949). Plaintiff has failed to state a claim against Sheriff Groves.

Plaintiff also names Advanced Correctional Healthcare ("ACH") as a defendant. In the Tenth Circuit, "to hold a corporation liable under § 1983 for employee misconduct, a plaintiff must demonstrate the existence of the same sort of custom or policy that permits imposition of liability against municipalities under *Monell*." *Wishneski v. Andrade*, 572 F. App'x 563, 567 (10th Cir. 2014) (unpublished) (citations omitted). Plaintiff has failed to allege the requisite

causative custom or policy. Plaintiff has failed to show good cause why his claims against Defendant ACH should not be dismissed.

In his Amended Complaint, Plaintiff has also named the CCJ as a defendant. Any claim against CCJ must also be dismissed. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added). Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983.").

Plaintiff also seeks to have his state criminal case dismissed. A prisoner may not seek release or dismissal of criminal charges as a remedy in a civil rights action; the proper action to seek release from custody is a habeas corpus petition rather than a civil rights action. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody*." *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994);

*see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief). Therefore, any claim seeking release from imprisonment is not cognizable in a § 1983 action. To the extent Plaintiff's motion at Doc. 11 also seeks dismissal of his state criminal case, the motion is likewise denied.

The Court's MOSC provides that "[i]f Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, this matter will be decided based upon the current deficient Complaint and may be dismissed without further notice for failure to state a claim." (Doc. 8, at 9.) Plaintiff has failed to cure the deficiencies set forth in the MOSC and has failed to state a valid claim for relief

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed** for failure to state a claim.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Dismiss with Prejudice Case No. 2017-CR-000251 (Doc. 11) is **denied.** Plaintiff's request for additional time to file the motion (Doc. 10) is moot and therefore **denied.**

**IT IS SO ORDERED**.

**Dated March 24, 2020, in Topeka, Kansas.**

> **s/ Sam A. Crow**
> **Sam A. Crow**
> **U.S. Senior District Judge**